UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTONE D. SHEWARD,
     Plaintiff,

     vs.                                         11-1281

GUY PIERCE, et.al.,
     Defendants.

MERIT REVIEW ORDER

     This cause is before the court for a merit review of the Plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The Plaintiff, a pro se prisoner, originally filed his complaint pursuant to 42 U.S.C. §1983 on July 29, 2011.   However, he has now filed a motion for leave to file an amended complaint. [d/e 6].  The motion is granted pursuant to Rule 15 of the Federal Rules of Civil Procedure and the court will conduct a merit review of the amended complaint. [d/e 6]

     The Plaintiff says his constitutional rights were violated at Pontiac Correctional Center and he has named five Defendants including Illinois Department of Corrections Director Glaydse Taylor, Warden Guy Pierce, Correctional Officer Baptist, Correctional Counselor T. Wade and Mail Room Supervisor Marge Hagg.

     The Plaintiff says on January 31, 2011, he received legal mail from the Attorney General's Office that had been opened and "messed up" outside of his presence. (Amd. Comp, p. 5).  The Plaintiff has included a copy of the letter that was opened.  The return address states that it is from Lisa Madigan, Attorney General of the State of Illinois. (Comp., Ex. A).  However, there are no markings that clearly state it is legal mail.  The Plaintiff says Defendant Baptist refused to let him talk to a lieutenant about the situation.  The Plaintiff filed a grievance, but it was denied. Counselor Wade said he had investigated the claim, but due to the large volume of mail, sometimes mistakes are made. (Amd. Comp., p. 11).  The Plaintiff says the Defendants actions violate his First, Sixth, Eighth and Fourteenth Amendment rights.

     The court first notes that the Plaintiff says he is suing the Director and the Warden because they are responsible for the operation of the prison.   However, a defendant cannot be held liable under 42 USC §1983 unless a plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).

The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, the court must dismiss Defendants Taylor and Pierce.

Prison inmates retain their First Amendment rights to send and receive mail, but it is well established that prison officials may inspect mail for contraband. *Wolff v McDonnell*, 418 U.S. 539, 575-77 (1974). "Legal mail is afforded greater protection because of the potential for interfering with a prisoner's access to the courts, and thus prison officials risk violating an inmate's constitutional rights if they open, without him being present, an income letter 'that is marked with an attorney's name and a warning that the letter is legal mail.'" *Jenkins v Huntley*, 235 Fed. Appx 374, 376 (7th Cir. 2007) *quoting Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). However, "constitutional protection is reserved for those situations were there is a pattern of interference or where a prisoner's mail is arbitrarily or capriciously interfered with for the purpose of harassment." *Arbing v Brown*, 1992 WL 69361 at 1(7th Cir. April 7, 1992); *see also Bryant v Winston*, 750 F.Supp. 733 (E.D. Va 1990)(the inadvertent or negligent opening of an occasional legal letter is not actionable).

> [A]lthough courts in no way condone the improper handling of privileged
> mail, in absence of showing a systematic pattern or practice of interference,
> no constitutional violation occurs. Since the plaintiff does not, and cannot,
> on the basis of the facts before the Court allege a pattern or practice of
> interference, the Court finds that no constitutional violation occurred. *Arbing*,
> 1992 WL 69361 at 1, *citing Bruscino v Carlson*, 654 F.Supp. 609, 618
> (S.D. Ill 1987).

The Plaintiff has failed to state a violation of his constitutional rights based on the inadvertent opening of one letter that had the Attorney General's return address, but no other clear warning that it was privileged legal mail.

**IT IS THEREFORE ORDERED:**

1) **The Plaintiff's motion for leave to file an amended complaint is granted. [d/e 6]. The Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All other pending motions are denied as moot [d/e 4, mot. counsel], and this case is closed, with the parties to bear their own costs.**

2) **This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.**

3) **The Plaintiff must still pay the full docketing fee of $350.00 even though his**

case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)     The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)     The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)     If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 19th day of September, 2011.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE